IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DAVID RICH,

    Petitioner,

          v.

UNITED STATES OF AMERICA,

    Respondent.

* CIVIL NO.: WDQ-12-3226
* CRIMINAL NO.: WDQ-08-0438

*   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM OPINION

David Rich was convicted of conspiracy to distribute
heroin, assault on a law enforcement officer, and related
offenses. He was sentenced to a term of imprisonment of life
plus 20 years. Pending is Rich's motion to vacate, set aside,
or correct his sentence under 28 U.S.C. § 2255. No hearing is
necessary. *See* Rule 8 of the *Rules Governing § 2255
Proceedings*. For the following reasons, the motion will be
granted in part and denied in part.

I.    Background

    A.    Background Facts

On September 16, 2008, Rich was indicted by a grand jury
for possession with intent to distribute 100 grams of heroin
(Count Two), possession of a firearm in furtherance of a drug
trafficking crime (Count Three), felon in possession of a

firearm (Count Four), and assault on a law enforcement officer (Count Five). ECF No. 1. On February 19, 2009, Rich was charged in a superseding indictment with the counts from the original indictment, and conspiracy to distribute one kilogram or more of heroin (Count One). ECF No. 16. On March 6, 2009, Rich pled not guilty to all counts. A jury trial was held from September 28, 2009 to October 1, 2009. ECF Nos. 32, 33, 36, 37. Russell A. Neverdon, Sr., Esquire represented Rich at trial. Two jurors had ties to law enforcement: Juror No. 447 was the director of cyber security for the National Security Council and worked with law enforcement officials, and Juror No. 480 had friends in the Baltimore City Police Department. *See* ECF No. 72 at 74:23-75:7, 75:11-21.

Law enforcement witnesses testified that on August 25, 2008, during a narcotics investigation, the Drug Enforcement Administration (DEA) began surveilling a person believed to be Rich near 14 Enchanted Hill Way; this was based on the tip of a confidential informant. ECF No. 68 at 40. Rich was followed to an apartment at 2702 Gresham Way, Baltimore County, Maryland. *Id.* at 42. Surveillance of the apartment continued throughout the night, and agents twice saw a man fitting Rich's description on the balcony of a third floor apartment. *Id.* at 45, 51. At 9:45 p.m. on August 25, 2008, agents saw Tiffany Lucas, enter

the apartment building with a duffle bag, and leave without the bag 15 minutes later. *Id.* at 46-47.

At 12:15 p.m. on August 26, 2008, agents saw Rich on the balcony again. ECF No. 68 at 52. Rich then left the building and got into the car he had driven the previous day. *Id.* at 56. Rich had an outstanding warrant for kidnapping and assault. *Id.* at 79-80, 91. DEA Task Force Officer Brian Shutt, and other officers, attempted to stop the car and to execute a search warrant. *Id.* at 56-58. With his gun drawn, Shutt told Rich to stop the car. *Id.* Rich accelerated out of the parking lot, forcing Shutt to jump out of the way. *Id.* at 58. Rich drove through nearby neighborhoods, left his car, continued on foot, and was eventually caught in a wooded area. *Id.* at 62-65, 101-06.

Law enforcement officers entered Apartment 301 at Gresham Way, where Rich had been seen on the balcony, secured the scene, and waited for a search warrant. ECF No. 68 at 66; ECF No. 69 at 157-58. Shutt obtained a search warrant. ECF No. 70 at 527-31. Detective Kim Rodriguez oversaw the search, which recovered evidence including bags of heroin, packaging materials and other drug paraphernalia, cutting agents, a loaded handgun, cash, and personal documents in Rich's name. *See, e.g.*, ECF No. 69 at 161, 166-69, 241-44, 246-47, 252-55, 257-59, 261-63, 267-68, 272-73, 283.

B.    Officer Mark Lunsford

A task force officer, Mark Lunsford, participated in the
investigation by watching the perimeter of the apartment complex
and transporting money recovered from Rich's apartment.  *See* ECF
No. 69 at 186:19-187:19, 198:20-25, 199:12-14, 200:7-202:12.
Lunsford did not participate in the search of the apartment, and
he did not have contact with the other evidence collected under
the supervision of Detective Rodriguez.  *See* ECF No. 69 at
186:19-187:19, 198:20-25, 199:12-14, 200:7-202:12.  Lunsford was
investigated for misconduct in other cases.[1]

C.    Testimony About Confidential Sources

During the Government's case, several times law enforcement
witnesses mentioned tips they received from confidential
informants.  For example, Special Agent Andrew Biniek testified
that Rich was identified "[t]hrough surveillances, through
confidential sources, and through the wiretap itself" as a
source of supply for Mark Owens, who was the target of a drug
investigation.  ECF No. 69 at 136:5-137:22.  Detective Brian
Shutt testified that a confidential source reported that Rich
and an associate, Mark Wright, were heroin processing at 14
Enchanted Hill Way.  ECF No. 70 at 473:9-24.  On cross-
examination, when asked if the investigation showed that Rich

_____

[1] Days before the trial, Lunsford was charged by federal criminal
complaint with theft and related offenses.  *See* ECF No. 83 at
12; ECF No. 79 at 15-17.

4

was a part of an organization or was acting alone, Shutt replied that Rich "was not the guy that was selling heroin on the street corner," and "my investigation identified Mr. Rich as [] a higher-level drug dealer" who needed unidentified co-conspirators to get drugs to the street. ECF No. 70 at 656:25-657:11.

When asked by defense counsel how he connected Rich and Owens, Shutt testified that "through my training, knowledge, and experience and the investigation that has been conducted to that point and other narcotics investigations by other detectives into Mr. Rich and his drug trafficking organizations that Mr. Rich was an associate of individuals I was investigating." ECF No. 70 at 657:21-658:5. When asked on cross-examination if the confidential source ever "had obtained drugs specifically from Mr. Rich" and whether the source gave specific dates on which that happened, Shutt replied "Yes." ECF No. 70 at 658:19-24.

D.   Additional Government Evidence

The Government also presented a recorded wiretap phone call of Mark Owens, who operated a drug shop in Baltimore and was identified as Rich's drug associate. ECF No. 69 at 219, 336; ECF No. 70 at 538-40. Two DEA agents who had interviewed Rich after his arrest identified the other voice on the call as Rich from his voice and unique use of the word "buddy". ECF No. 69 at 171-72; ECF No. 70 at 533-34. On the call, Rich told Owens

5

"I'm trying to get two of them." ECF No. 69 at 220. The DEA
agents testified that, in their opinion, this indicated an
attempt to acquire two units of narcotics. ECF No. 69 at 220;
ECF No. 70 at 538-39.

Pursuant to a cooperation agreement, Tiffany Edwards also
testified that she had transported drugs for Raymond Stern
beginning in 2007. ECF No. 69 at 344-46, 333. Edwards
transported heroin to Sharrod Harris, who worked for Owens. *Id.*
at 334-35. She daily transported heroin for Stern, in bulk and
gel cap form, to different customers. *Id* at 334-36. She
carried multiple kilograms of heroin while working for Stern.
*Id.* at 337. Edwards testified that she had met Rich socially
through Stern in Spring 2008. *Id.* at 339-40. She began
transporting heroin from Stern to Rich. *Id.* at 341. Stern
instructed Edwards to deliver the heroin to Tiffany Lucas, who
received the heroin for Rich. *Id.* On one occasion, Owens was a
passenger in Lucas's car when Edwards delivered two kilograms of
bulk heroin to her. *Id.* at 343-44.

E.    Comments by the Court

During defense counsel's cross-examination of Detective
Shutt, defense counsel asked a question, the Government
objected, and the Court sustained the objection. ECF No. 70 at
687:24-688:8. Counsel repeated the question, and the Court
again sustained the Government's objection. *Id.* at 688:10-13.

Counsel then attempted to engage in an on-record argument with the Court about the question. *Id.* at 688:14-16. The Court instructed counsel "no speeches," and directed him to move on to the next question. *Id.* at 688:17-18. Counsel continued to argue about the Court's ruling. *Id.* at 688:19-20. The Court then said: "Don't do this. Don't embarrass yourself in front of the jury by making speeches after I've ruled on an objection. Next question, please." *Id.* at 688:21-23. Counsel continued to argue and the Court stated, "You're not helping your case." *Id.* at 688:24-689:4. The conversation continued at the bench. *Id.* at 689:5-690:18.

F.    Jury Instructions

The Court instructed the jury on the charge of felon in possession of a firearm:

> The Government contends that the Defendant, David Rich, was convicted of possession with intent to distribute a controlled dangerous substance. I charge you as a matter of law that the crime that the Defendant has stipulated to is a crime that would not permit him to legally possess a gun. The Parties have stipulated that the Defendant was convicted of a crime in State Court and that the crime was punishable by imprisonment for a term exceeding one year.

ECF No. 71 at 926:11-18. The Court continued by clarifying the meaning of the stipulation:

> Let me make that clear. The only thing that has been established is that the Defendant was convicted of a crime in State Court, and that crime is punishable by a term exceeding one year. It has also been stipulated that the felony conviction occurred before

7

the time the Defendant was alleged to have possessed the weapon charged in the Indictment and that his civil rights had not been restored.

*Id.* at 926:18-25. Later, the Court advised the jury that the nature of the conviction was not relevant:

I instruct you in this connection that prior conviction that is an element of the charge here is not disputed, is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose. You are not to speculate as to what it was for. You may not consider the prior conviction in deciding whether it's more likely than not that the Defendant was in knowing possession of a gun charged, which is the disputed element of the offense.

*Id.* at 927:11-19.

G.   Sentencing and Procedural History

On October 1, 2009, the jury found Rich guilty on all counts. ECF No. 44. On April 22, 2010, Rich was sentenced to the enhanced mandatory minimum term of life imprisonment for Count One,[2] a concurrent 420 month term on Count Two, and a concurrent 180 month term of imprisonment on Count Four. ECF No. 55. Concurrent terms of 60 months on Count Three and 240 months on Count Five were to run consecutively to Counts One, Two, and Four. *Id.* Rich's total sentence was life plus 20 years of imprisonment. *Id.* On April 28, 2010, Rich appealed his conviction. ECF No. 57. On June 14, 2011, the Fourth Circuit affirmed the conviction. ECF No. 74.

---

[2] *See* 21 U.S.C. § 851.

On November 4, 2012, Rich moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and filed a memorandum in support of his motion. ECF Nos. 78, 79. On January 7, 2013, the Government opposed the motion. ECF No. 83. On March 1, 2013, Rich replied. ECF No. 87. On August 27, 2013, Rich filed a supplemental memorandum explaining that a predicate conviction for his mandatory life sentence on Count One had been vacated. ECF No. 89. On September 10, 2013, the Government consented to a re-sentencing without the mandatory life sentence requirement. ECF No. 90. The re-sentencing is scheduled for November 15, 2013. ECF No. 91.

II.  Analysis

A.  Rich's Motion

In support of his motion Rich argues that: (1) the Government failed to disclose material exculpatory evidence, (2) he received ineffective assistance of counsel, and (3) his sentence was unlawful.

1.  *Brady* Violation

Rich asserts that the Government violated *Brady v. Maryland*, 373 U.S. 83, (1963), by failing to disclose evidence about the misconduct of former task force officer Lunsford. ECF No. 79 at 15. The Government argues that Rich cannot establish a *Brady* violation because Lunsford had a minimal role in Rich's case, defense counsel was aware of the charges and the complaint

9

against Lunsford was a matter of public record, and there is no reasonable probability that the evidence would have affected the verdict. ECF No. 83 at 28-32.

In *Brady,* the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. This standard applies whether or not the defense has made a request for disclosure. *See United States v. Bagley*, 473 U.S. 667, 682 (1985). To prove a *Brady* violation, a defendant must show that the evidence was (1) favorable to the defendant, (2) material, and (3) that the prosecution had the evidence and failed to disclose it. *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972); *United States v. Stokes*, 261 F.3d 496, 502 (4th Cir. 2001).

Evidence is "material" if "there is a reasonable probability that, had the evidence been disclosed, the result of the proceedings would have been different." *Bagley*, 473 U.S. at 681-82. The Court must ask "whether the suppressed evidence, including impeachment evidence, could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *United States v. Robinson*, 627 F.3d 941, 952 (4th Cir. 2010) (*quoting Kyles v. Whitley*, 514 U.S. 419, 435 (1995)) (internal quotation marks omitted). Disclosure

10

is required even if the information is available as a public record.  *See Anderson v. South Carolina*, 709 F.2d 887, 888 (4th Cir. 1983).

Rich argues that the information about Lunsford's misconduct in other cases would have "cast doubt on the integrity and reliability of the evidence collection." ECF No. 79 at 18.  However, Rich cannot show that there is a reasonable probability that he would not have been convicted had the evidence of Lunsford's unrelated misconduct been introduced. Lunsford's minimal role in Rich's case included watching the perimeter of the apartment complex and transporting money recovered from Rich's apartment.  *See* ECF No. 69 at 186:19-187:19, 198:20-25, 199:12-14, 200:7-202:12.  Rich provides no support for the allegation that Lunsford "played a central role" in the investigation of Owens.  *See* ECF No. 79 at 18.

Also, Lunsford did not participate in the search of the apartment, and he did not have contact with the abundant other evidence collected under the supervision of Detective Rodriguez, including documentation in Rich's name, heroin, processing and packing material, and a handgun.[3]  The evidence against Rich also included testimony from several other law enforcement officers,

---

[3] *See* ECF No. 69 at 161, 166-69, 186:19-187:19, 198:20-25, 199:12-14, 200:7-202:12, 241-44, 246-47, 252-55, 257-59, 261-63, 267-68, 272-73, 283.

a recorded call with Owens, and the testimony of Edwards.
Accordingly, evidence about unrelated misconduct of an officer
with minimal connection to the case does not undermine the
confidence in the verdict that was based on significant physical
and testimonial evidence.[4]

> 2. Ineffective Assistance of Counsel

> a. Legal Standard

The Sixth Amendment guarantees the effective assistance of
counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).
To prove ineffective assistance, Rich must show: (1) counsel's
performance was deficient and (2) the deficiency prejudiced his
defense. *Id.* at 687. To show deficient performance, Rich must
establish that counsel made errors so serious that the "repre-
sentation fell below an objective standard of reasonableness."
*Id.* at 688. To show prejudice, he must demonstrate a
"reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."
*Id.* at 694. "There exists a strong presumption that counsel's
conduct was within a wide range of reasonably professional
conduct. . . ." *Kratsas v. United States*, 102 F. Supp. 2d 320,

---

[4] *See Robinson*, 627 F.3d at 952-93 (*Brady* materiality requirement
not met by the nondisclosure of the unrelated misconduct of a
few officers when other physical evidence and witness testimony
existed).

322 (D. Md. 2000) *aff'd,* 9 F. App'x 107 (4th Cir. 2001) (*citing id.* at 688-89).

> b.   Testimony of Tiffany Edwards

Rich argues that his counsel was ineffective for failing to move *in limine* to bar the testimony of Edwards and by failing to object to her testimony because it pertained to a different conspiracy. *See* ECF No. 79 at 12.  Rich asserts that her testimony about deliveries of heroin to Mark Owens concerned a different conspiracy. *See id.* at 12-13.  The Government contends that Edwards's testimony about Owens was part of the conspiracy of Raymond Stern (the supplier), Tiffany Edwards (Stern's courier), and Stern's customers (including Owens and Rich). *See* ECF No. 83 at 22-23.

A conspiracy may be established with circumstantial evidence and "a defendant may be convicted of conspiracy with little or no knowledge of the entire breadth of the criminal enterprise." *United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996).  Persons may be members of the same conspiracy even if they do not have direct contact with each other, or they are not aware of all the members of the conspiracy.[5]  Rich is

---

[5] *See United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993) ("It is of course elementary that one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities over the whole period of existence.").

incorrect in arguing that the Government improperly presented evidence of a second conspiracy. Tiffany Edwards's testimony established that Owens and Rich were customers of Stern, for whom Edwards acted as a courier. *See* ECF No. 69 at 333-34, 341. Additionally, the Government also put on evidence of a recorded call to establish a direct link between Owens and Rich. ECF No. 69 at 219-21. An objection that Edwards's testimony was improper because it addressed an unrelated second conspiracy between Owens and Stern would not have succeeded. Rich's counsel was not deficient in not raising this meritless objection.

c. Discovery Motions About Other Conspiracy

Rich asserts that his counsel was ineffective in not filing supplemental discovery motions for evidence of Edwards's involvement in the "other drug conspiracy" involving Owens. ECF No. 79 at 13-14. As discussed, *supra* Part II.A.2.b., the Government proved that Rich and Owens were members of a single conspiracy that involved a chain of drug distribution from Stern. Additional discovery about Edwards's involvement with Owens would not have established that Rich was involved in a separate conspiracy. Rich has not shown that additional discovery would have uncovered additional evidence or would have been helpful. Rich has not established a claim for ineffective assistance of counsel on this ground.

d. *Brady* and Discovery Motions About Lunsford

Rich argues that his counsel was deficient in not filing *Brady* and supplemental discovery motions to obtain evidence about Lunsford's misconduct. ECF No. 79 at 19. As discussed above, *supra* Part II.A.1., there is no reasonable probability that evidence of the unrelated misconduct of an officer with a small role in the investigation of this conspiracy would have changed the outcome of Rich's case. Accordingly, Rich is unable to establish ineffective assistance of counsel on this basis.

e. Juror Peremptory Challenges

Rich asserts that his counsel was ineffective for failing to strike two jurors with ties to law enforcement. ECF No. 79 at 20.[6] The Government argues that Rich has not demonstrated his counsel's deficiency or prejudice. *See* ECF No. 83 at 35.

Rich does not discuss why these two jurors were less desirable than the jurors defense counsel struck. He provides no facts that show a significant possibility of his acquittal had counsel struck these two jurors. Rich can only speculate that the jurors' ties to law enforcement influenced their decision. That counsel "could have conceivably empaneled a marginally more sympathetic jury" does not show ineffective assistance of counsel. *See United States v. Fulks*, 683 F.3d 512, 522 (4th Cir. 2012).

---

[6] Juror No. 447 and Juror No. 480. *See supra* Part I.A.

f.    Testimony About Outstanding Warrant

Rich argues that his counsel was deficient for allowing testimony that Rich was arrested on an outstanding warrant for kidnapping and assault unrelated to the drug investigation. ECF No. 79 at 21. The Government argues that this decision was a sound trial strategy within the range of reasonable professional conduct. ECF No. 83 at 37.

Counsel elicited testimony about Rich's outstanding warrant as part of his trial strategy.[7] Counsel emphasized throughout trial that there were no direct observations of Rich engaging in any illegal drug activities. *See, e.g.,* ECF No. 71 at 873:3-7, 873:25-874:9. Counsel argued that the outstanding warrant was why Rich fled from law enforcement. ECF No. 71 at 873:7-18. Counsel also emphasized that Rich was arrested only on the basis of his outstanding arrest warrant, and not as a result of the drug investigation. *See, e.g.,* ECF No. 68 at 80:10-14; ECF No. 71 at 860:11-13. This decision was counsel's trial strategy. *See, e.g.,* ECF No. 68 at 80:10-14.

Establishing an alternative reason for Rich's flight and arrest, and emphasizing the Government's lack of direct evidence of Rich's involvement in drug activities were within the range

---

[7] Counsel asked why the officers were ordering Rich out of the car at gunpoint, and after conferring with Rich, chose not to withdraw the question with knowledge that the outstanding arrest warrant would come in. ECF No. 68 at 79:16-80:14.

of reasonable professional conduct.[8]  Rich has not shown a

reasonable probability that the arrest warrant for non-drug

related charges that were later dropped affected the jury's

verdict.

g.    Hearsay Testimony

Rich asserts that his counsel was ineffective for failing

to object, on confrontation clause and hearsay grounds, to

testimony of law enforcement witnesses about confidential

sources.  *See* ECF No. 79 at 23.  The Government argues that the

testimony about tips from confidential sources was admissible

for the non-hearsay purpose of explaining why law enforcement

official had taken particular actions.  ECF No. 83 at 41.

The Confrontation Clause applies to testimonial hearsay

statements.  *See Crawford v. Washington*, 541 U.S. 36, 51 (2004).

Hearsay is an out of court statement offered for the truth of

the matter asserted, and is generally barred by the Rules of

Evidence.  *See* Fed. R. Evid. 801(c), 802.  An out of court

statement is not hearsay if it is offered to explain why a

_____

[8] *See Kratsas*, 102 F. Supp. 2d at 322 ("[T]here exists a strong
presumption that counsel's conduct was within a wide range of
reasonable professional conduct, and courts must be highly
deferential in scrutinizing counsel's performance.").

Rich also argues in a separate claim that his counsel
provided ineffective assistance by failing to object to
testimony that the outstanding warrant was based on kidnapping
and assault charges.  ECF No. 79 at 22.  Because the nature of
the outstanding warrant supported the strategy of emphasizing
the lack of evidence of Rich's involvement in drugs, this
argument also fails.

government investigation was undertaken. *See United States v. Love*, 767 F.2d 1052, 1063 (4th Cir. 1985).

Rich alleges five instances when Government witnesses provided hearsay evidence.[9] In each instance identified by Rich, the law enforcement witnesses were explaining why they conducted surveillance on Rich and considered him a target of the investigation. Defense counsel questioned the Government's basis for its investigation of Rich throughout the trial,[10] making the information from confidential informants and the law enforcement investigation necessary to explain why officers were conducting surveillance on Rich and had not immediately arrested him on his outstanding warrant.[11] Because the statements were offered only to show why officers conducted their investigation

---

[9] They are: (1) Special Agent Biniek's testimony that Rich was identified as a source of supply for Owens, (2) Detective Shutt's testimony that Rich was an associate of Mark Wright, (3) Shutt's testimony that Rich was not a street level dealer, (4) Shutt's testimony that Rich was an associate of individuals he was investigating, and (5) Shutt's testimony that a confidential source had obtained drugs from Rich. *See supra* Part I.C.

[10] *See, e.g.*, ECF No. 846, 852 (counsel's closing argument questioning how law enforcement ended up at the apartment complex surveilling Rich).

[11] *See United States v. Hunt*, 749 F.2d 1078, 1084 (4th Cir. 1984) (government may introduce rebuttal evidence including information from confidential informants when the defense called into question the government's basis for investigating the defendant); *United States v. Silva*, 380 F.3d 1018, 1020 (7th Cir. 2004) (testimony about a tip from an informant is relevant if the jury would not otherwise understand why an investigation targeted a particular defendant).

18

the way they did, the statements were not hearsay, and the Confrontation Clause was not implicated.[12] Accordingly, counsel was not deficient in failing to object to these statements.

### h. Jury Instructions

When a defendant stipulates to a prior conviction in a § 922(g)(1) case, the Government may not introduce the "name or nature" of the prior felony conviction. *See Old Chief v. United States*, 519 U.S. 172, 185 (1997). Here, Rich stipulated that he was a prohibited person because of a prior conviction. ECF No. 70 at 451:9-20. The Court, in instructing the jury on the charge of felon in possession of a firearm, stated: "The Government contends that the defendant, David Rich, was convicted of possession with intent to distribute a controlled dangerous substance." ECF No. 71 at 926:11-18. Rich asserts that his counsel was ineffective for not objecting to the Court's identification of the nature of his prior conviction, and for failing to move for a mistrial. ECF No. 79 at 27.

If the Court erred by identifying the prior conviction, Rich's ineffective assistance of counsel claim still fails

---

[12] *See Love*, 767 F.2d at 1063-64 (testimony about information a DEA agent received from a fellow DEA agent was admissible because it explained why the agents made particular preparations in anticipation of the defendant's arrest); *United States v. Brooks*, 645 F.3d 971, 977 (8th Cir. 2011) (Confrontation Clause was not implicated when a confidential informant's information that the defendant was selling narcotics and firearms from a particular location was necessary to explain why officers conducted their investigation in the way they did).

because he cannot show a reasonable probability that the outcome of his trial would have been different if counsel had objected or moved for a mistrial. It was a reasonable strategic decision for counsel not to draw further attention to Rich's prior conviction by objecting in the middle of jury instructions. The Court went to great lengths to emphasize that the nature of the conviction was irrelevant. *See* ECF No. 71 at 9:26:18-25, 927:11-19.

Moreover, there was substantial evidence against Rich. The jury heard evidence of drugs, a gun, and personal papers found where Rich was observed by law enforcement. Jurors heard testimony about Rich's flight from the apartment. The Government also presented wiretap evidence and the testimony of Edwards. Rich has not demonstrated that the instruction contributed to his conviction. Given the weight of the evidence, the brevity of the Court's statement, and the Court's subsequent instructions, Rich's claim fails.[13]

    i. Evidence Varied From the Indictment

Rich asserts that his counsel improperly omitted a claim on direct appeal that the evidence at his trial varied

---

[13] *Cf. United States v. Dortch*, 696 F.3d 1104, 1111 (11th Cir. 2012) (finding harmless error when the Court submitted an unredacted indictment to the jury even though the defendant had stipulated he was a convicted felon because the Court instructed the jury that the indictment was not evidence and the Government's case was strong).

impermissibly from the allegations in the superseding
indictment.  ECF No. 79 at 29.  This claim rests on Rich's
theory that the Government presented evidence about two separate
conspiracies rather than the single conspiracy with which he was
charged.  *Id.* at 29-30.  A defendant may establish that a
material variance occurred by showing that the indictment
alleged a single conspiracy but the Government's proof at trial
established the existence of multiple, separate conspiracies.
*United States v. Kennedy*, 32 F.3d 876, 883 (4th Cir. 1994).
However, as discussed in Part II.A.2.b., the Government's
evidence established a single conspiracy of drug distribution.
Rich would not have been successful in arguing that the evidence
established the "multiple, separate conspiracies" required to
show a material variance.  *See Kennedy*, 32 F. 3d at 883.
Counsel was not deficient for failing to raise this argument on
appeal.

> j.   The Court's Comments to Counsel

Rich argues that his counsel was ineffective for not
appealing the Court's comments to counsel during trial.  *See* ECF
No. 79 at 31; *supra* Part I.F.  The Government contends that any
appeal based on the comments would have failed.  ECF No. 83 at
49.

"Questions of trial management are quintessentially the
province of the district courts."  *United States v. Smith*, 452

21

F.3d 323, 332 (4th Cir. 2006). District courts have the duty to maintain reasonable control over the examination of witnesses to promote the truth-seeking function of trial and to avoid wasting time. *United States v. Woods*, 710 F.3d 195, 200 (4th Cir. 2013). A district court judge often has an obligation to interrupt counsel to insure the trial proceeds efficiently and fairly. *See United States v. Morrow*, 925 F.2d 779, 781 (4th Cir. 1991) (*quoting United States v. Cole*, 491 F.2d 1276, 1278 (4th Cir. 1974) (internal quotation marks omitted). "A district judge's interruptions, even when abrupt, may be only part and parcel of a pointed adversarial process designed to develop a clear set of facts in a relatively short amount of time." *Smith*, 452 F.3d at 333. The ultimate concern is whether a judge's comments "were so prejudicial as to deny a party an opportunity for a fair and impartial trial." *United States v. Godwin*, 272 F.3d 659, 679 (4th Cir. 2001).

The Court's comments at trial were designed to maintain order and efficiency in the proceedings. The comments did not relate to the merits of the case, the evidence, the defendant, or the charges against him. The Court also instructed the jurors that "[b]ecause you are the sole and exclusive judges of the facts, I don't mean to indicate any opinion as to the facts or what your verdict should be." ECF No. 71 888:25-889:2. The Court's comments and instructions were proper, and Rich's

22

counsel was not deficient in failing to pursue this meritless
argument on appeal.[14]

        3.    Unlawful Sentence

Rich argues that he received an unlawful mandatory life
sentence for conspiring to distribute heroin because a prior
conviction for a felony drug offense has been vacated in State
court.  ECF No. 89 at 1-2.  The Court was statutorily required
to impose a life sentence on the basis of Rich's two prior
felony drug offense convictions.  *See* 21 U.S.C. § 851; ECF No.
73 at 4, 13.  Because one of those convictions has been vacated,
the Court will resentence Rich on November 15, 2013.[15]

        B.   Certificate of Appealability

A certificate of appealability ("COA") must issue before a
petitioner may appeal the court's decision in a 28 U.S.C. § 2255
case.  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  A COA
may be issued "only if the applicant has made a substantial
showing of the denial of a constitutional right."  28 U.S.C. §
2253(c)(2).  The petitioner "must demonstrate that reasonable
jurists would find the district court's assessment of the

---

[14] Counsel is not ineffective for failing to raise a meritless
challenge.  *See Baker v. Corcoran*, 220 F.3d 276, 293 n.15 (4th
Cir. 2000).

[15] Rich raises a number of arguments regarding the consequences
of this vacatur of his State conviction on his other sentences.
*See* ECF No. 89.  These arguments will be addressed during his
resentencing.

23

constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Rich has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Rich's motion to vacate, set aside, or correct sentence will be granted in part and denied in part.

_____
Date   11/14/13

_____
William D. Quarles, Jr.
United States District Judge

24